IN THE UNITED STATES DISTRICT CT. FOR THE SOUTHERN DIST.OF FLORIDA

EDMOND DANTES

v.

FILED by ﹍JAO﹍ D.C.

SEP 17 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

PLAINTIFF

HON. CHARLES H. WILSON, AN ART. III FEDERAL JUDGE     DEFENDANT

HON. JULIE CARNES,     AN ART, III FEDERAL JUDGE     DEFENDANT

A "BIVENS ACTION" AGAINST FEDERAL OFFICIALS FOR VIOLATION OF CONSTITUTIONAL RIGHTS

1. *"BIVENS v. SIX UNKNOWN FED. NARCOTICS AGENTS FOR VIOLATION OF CONSTITUTIONAL RIGHTS"*. 403 U.S. 388 (1971)   Holding: " An Individual has the implied cause of action against Government Officials for the Violation of Constitutional Rights.

2. " *SHURTLLEFF v. U.S."* 189 U.S. 311 (1903)  Holding: "Federal Judges Are Government Officials".

3. The Defendant Federal Judges being Government Officials, Acting under the color of Federal Law, Did Deprive the Plaintiff of his Clear Constitutional Rights by Acting in the clear absence of All Jurisdiction in Violation of Long Established United States "Law Of The Land", and thus they lose all immunities and are Liable .

4. SEE: *"STUMP v. SPARKMAN"* 435 U.S. 349 (1978) Holding: " Judges have Absolute Immunity for All their Acts. UNLESS THEY ACT IN THE CLEAR ABSENCE OF ALL JURISDICTION.

5. Defendant Federal Judges Wilson and Carnes did so in fact act in Clear Absence of All Jurisdiction, to deprive the Plaintiff of his Constitutional Rights and Protections, so as to Specifically prevent the Hearing of All the Plaintiff's Arguments before the U.S. Court of Appeals.

A Federal Judge's Jurisdiction is Limited by the Bounds Imposed by his "OATH OF OFFICE." SEE: " *DAVIS v. PASSMAN."* 99 S.CT. (1979) Holding: "NO MAN IN THIS COUNTRY IS SO HIGH THAT HE IS ABOVE THE LAW. ALL OFFICERS OF THE GOVERNMENT FROM THE HIGHEST TO THE LOWEST ARE CREATURES OF THE LAW AND ARE BOUND TO OBEY IT."

1

6. A *"BIVENS ACTON"* (ibid) SPECIFICALLY ALLOWING FOR A CAUSE OF ACTION AGAINST FED.GOVERNMENT OFFICIALS FOR THE VIOLATION OF CONSTITUTIONAL RIGHTS AND GUARANTEES.

7. SEE: *"BUTZ v. ECONOMOU"* 438 U.S. 478 (1978) Holding: "OUR SYSTEM OF JURISPRUDENCE RESTS ON THE ASSUMPTION THAT ALL INDIVIDUALS WHATEVER THEIR POSITION IN GOVERNMENT ARE SUBJECT TO FEDERAL LAW".

7.                    <u>OATH OF OFFICE OF A FEDERAL JUDGE</u>

" I -----------DO SOLEMNLY SWEAR THAT I WILL ADMINISTER JUSTICE WITHOUT RESPECT TO PERSONS, AND DO EQUAL JUSTICE TO THE POOR AND TO THE RICH, AND THAT I WILL FAITHFULLY AND IMPARTIALLY DISCHARGE ALL THE DUTIES INCUMBENT UPON ME AS ------------ UNDER THE CONSTITUTION AND THE LAWS OF THE UNITED STATES. SO HELP ME GOD."

SEE: *"U.S. v. CLAIBORNE"* 727 F 2ND. 848 (9TH. U.S. Circuit 1979) Holding: "It is long held that No Man in this Country is so High that he is above the Law. It is the only Supreme Power in our System of Government, and every man who by accepting office participates in its function is only the more strongly Bound to Submit to that Supremacy and to observe the Limitations which it imposes upon the exercise of the authority which it gives."

A FEDERAL JUDGE WHO ACTS OUTSIDE THE LIMITATIONS IMPOSED BY HIS "OATH OF OFFICE", FROM WHENCE HE DERIVES HIS JURISDICTION, ACTS IN THE CLEAR ABSENCE OF ALL JURISDICTION AND IS STRIPPED OF ALL IMMUNITY AND IS LIABLE. 2ND. PRONG. OF "STUMP v. SPARKMAN" (ibid).

6.                    <u>THE CONSTITUTIONAL RIGHTS VIOLATED</u>

A. THE CONSTITUTIONAL RIGHT NOT TO HAVE A COURT APPOINTED LAWYER FORCED UPON HIM.

B. THE CONSTITUTIONAL RIGHT TO BE PRO-SE.

C. THE CONSTITUTIONAL RIGHT TO THE "DUE PROCESS OF LAW" GUARANTEED BY THE 5TH. AMENDMENT . (1791)

D. THE CONSTITUTIONAL RIGHT TO A FAIR CRIMINAL APPEAL UNDER THE LAW, IN WHICH ALL OF APPELLANTS ARGUMENTS ON APPEAL MAY BE HEARD.

SEE: *"FARETTA v. CALIFORNIA"* 422 U.S. 806 (1975)

2

SEE: *"ANDERS v. CALIFORNIA"*    386 U.S. 738 (1967)

*"FARETTA v. CALIFORNIA"* Holding:   1. "The Court May Not Force and Unwanted Lawyer Upon an Individual."   2.  "An Individual Has The Constitutional Right to be Pro-Se , at the Trial Phase and at the Appellate Phase of Criminal Procedure as well"

*"ANDERS v. CALIFORNIA"*   Holding:  1.  "An Appellant has the Constitutional Right to Rid Himself of an Unwanted Court Appointed Lawyer." 2.  An Appellant has the Constitutional Right to BE Pro-Se and to have All his arguments heard on Appeal.

7.  The Above Laws of The Land being,  <u>WELL SETTLED PRECEDENT</u> OF THE U.S. SUPREME COURT.

8.   SEE: *"RANKIN v. HOWARD"*  633 F.2ND. 844 (1984)  Holding: <u>"WHEN A JUDGE KNOWS THAT HE LACKS JURISDICTION OR ACTS IN THE FACE OF CLEARLY VALID STATUTES EXPRESSLY DEPRIVING HIM OF JURISDICTION, JUDICIAL IMMUNITY IS LOST."</u>

9.   SEE: *"PIPER v. PEARSON"* 2 GRAY 120 CITED IN *"BRADLEY v. FISHER"* 20 L.ED. 648 (1872). Holding: "WHERE THERE IS NO JURISDICTION, THERE CAN BE NO DISCRETION FOR DISCRETION IS INCIDENT TO JURISDICTION."

"AN ACT DONE IN COMPLETE ABSENCE OF ALL JURISDICTION CANNOT BE A JUDICIAL ACT. IT IS NO MORE THAN AN ACT OF A PRIVATE CITIZEN PRETENDING TO HAVE JUDICIAL POWER WHICH DOES NOT EXIST AT ALL. IN SUCH CIRCUMSTANCES TO GRANT ABSOLUTE IMMUNITY IS CONTRARY TO THE PUBLIC POLICY EXPECTATION THAT THERE SHOULD BE A RULE OF LAW".

COMES NOW THE PLAINTIFF AND SAYS, " *FARETTA V. CAL.*" (ibid)  AND *"ANDERS v. CAL."* (ibid) CLEARLY DEPRIVED THE DEFENDANT JUDGES FROM JURISDICTION OVER 1. JAMMING AN UNWANTED COURT APPOINTED LAWYER DOWN AN APPELLANT'S THROAT.   2.  DENYING HIM THE RIGHT TO BE PRO-SE.   3. DEPRIVING HIM OF THE RIGHT TO HAVE ALL HIS ARGUMENTS HEARD ON APPEAL.

8.  Both Defendant Judges have violated their "Oath of Office" in their Acting Clearly Outside their "Oath of Office", THUS LOSING ALL IMMUNITY BY THEIR ACTING OUTSIDE THEIR JURISDICTION, i.e. A FEDERAL ART. III  JUDGE  HAS HIS JURISDICTION LIMITED TO SOLELY ACTING WITHIN THE BOUNDS SET BY  HIS  *"OATH OF OFFICE"*. (ibid) . SEE: 28 USC s 453.  SEE: *U.S. CODE; CONG. & ADMIN. NEWS*  PAGE 6896 (1990).        SEE: *"U.S v. CLAIBORNE"* (ibid). SEE: *"STUMP v. SPARKMAN"* (ibid).

9.   NOT A THING MORE IS REQUIRED OF AN INDIVIDUAL ENDOWED WITH  INALIENABLE AND INVIOLABLE CONSTITUTIONAL RIGHTS THEN THAT HE CLEARLY INVOKE THE VIOLATIONS OF CONSTITUTIONAL RIGHTS THAT WERE VIOLATED. THE PLAINTIFF HAS DONE SO.

3

SEE: *"MARBURY v. MADISON"* 5 U.S. (1803) . SEE: "BIVENS v. SIX UNNAMED FEDERAL AGENTS FOR VIOLATION OF CONSTITUTIONAL RIGHTS." (ibid)

10.   The Plaintiff  asks for Compensatory Damages for the Harm Inflicted upon him by the Defendant Judges Depriving him of  his 5th. Amendment Right of  the "DUE PROCESS OF LAW" OF $50 MILLION DOLLARS, AS BY DENYING THE PLAINTIFF THE "DUE PROCESS OF LAW" WHICH IS HIS CONSTITUTIONAL RIGHT THEY THEREBY INCREASED HIS YEARS OF SUFFERING FALSE IMPRISONMENT AND EXILE.

11.   In addition to Compensatory Damages for the Harm Done him by the Defendant Judges in this 'BIVENS ACTION', the Plaintiff asks for INJUNCTIVE RELIEF TO PERMIT HIM A CONSTITUTIONALLY FAIR CRIMINAL APPEAL.   1. The Acknowledgement and Affirmation of his Constitutional Rights to Rid himself of an unwanted Court Appointed Attorney.  2.  To be Granted the Constitutional Right to be Pro-Se on Appeal.  3. The Constitutional Right to Raise ALL his Arguments  On Appeal.   SEE: "PULLIAM v. ALLEN" 466 U.S. 522 (1984).

11.    The Plaintiff requests a Jury.

12.    The Plaintiff who is not a free man, but still a Prisoner of the Government restricted to Supervised Release in Miami-Dade County, which is Exile from his Beloved wife and children and his home in Cali, Republic of  Colombia, asks to bring this Suit IFP. Having already received IFP status in the 11TH. U.S. CIRCUIT COURT OF APPEALS AND IN THIS HONORABLE DISTRICT COURT, respectfully requires the same for this suit at Law.

   The Plaintiff is 79 years old  (and therefore faced with age discrimination by Hispanic Employers in Miami, who do not understand that in the U.S. there are Laws Prohibiting Age Discrimination, and thus he is unable to find work and therefore without funds to engage a lawyer.

SEE:  EXHIBITS ATTACHED:

Respectfully submitted,

*Edmond Danter*

Edmond Dantes

1350 NW. 2nd. Street  (209)

Miami, Fl.  33125

4

## IN THE UNITED STATES DISTRICT CT. FOR THE SOUTHERN DIST.OF FLORIDA

EDMOND DANTES                                                    PLAINTIFF

      V.

HON.  CHARLES H. WILSON,   AN ART. III FEDERAL JUDGE        DEFENDANT

HON. JULIE CARNES,            AN ART, III FEDERAL JUDGE        DEFENDANT

## A "BIVENS ACTION" AGAINST  FEDERAL OFFICIALS FOR VIOLATION OF CONSTITUTIONAL RIGHTS

1.  *"BIVENS v. SIX UNKNOWN FED. NARCOTICS AGENTS FOR VIOLATION OF CONSTITUTIONAL RIGHTS"*.  403 U.S. 388 (1971)    Holding: " An Individual has the implied cause of action against Government Officials  for the Violation of Constitutional Rights.

2.  " *SHURTLLEFF v. U.S."*  189 U.S. 311 (1903)  Holding: "Federal Judges Are Government Officials".

3.  The Defendant Federal Judges being  Government Officials, Acting under the color of Federal Law, Did Deprive the Plaintiff of his Clear Constitutional Rights by Acting in the clear absence of All Jurisdiction in Violation of Long Established United States "Law Of The Land", and  thus they lose all immunities and are Liable .

4.   SEE: *"STUMP v. SPARKMAN"*  435 U.S. 349 (1978) Holding: " Judges have Absolute Immunity for All their Acts.  UNLESS THEY ACT IN THE CLEAR ABSENCE OF ALL JURISDICTION.

5.   Defendant Federal Judges Wilson and Carnes did so in fact act in Clear Absence of All Jurisdiction, to deprive the Plaintiff of his Constitutional Rights and Protections, so as to Specifically prevent the Hearing of All the Plaintiff's Arguments before the U.S. Court of Appeals.

A Federal Judge's Jurisdiction is Limited by the Bounds  Imposed by his "OATH OF OFFICE." SEE: " *DAVIS v. PASSMAN."*  99 S.CT. (1979) Holding: "NO MAN IN THIS COUNTRY IS SO HIGH THAT HE IS ABOVE THE LAW. ALL OFFICERS OF THE GOVERNMENT FROM THE HIGHEST TO THE LOWEST ARE CREATURES OF THE LAW AND ARE BOUND TO OBEY IT."

1

6. A "BIVENS ACTON" (ibid) SPECIFICALLY ALLOWING FOR A CAUSE OF ACTION AGAINST FED.GOVERNMENT OFFICIALS FOR THE VIOLATION OF CONSTITUTIONAL RIGHTS AND GUARANTEES.

7.   SEE: "BUTZ v. ECONOMOU"  438 U.S. 478 (1978) Holding: "OUR SYSTEM OF JURISPRUDENCE RESTS ON THE ASSUMPTION THAT ALL INDIVIDUALS WHATEVER THEIR POSITION IN GOVERNMENT ARE SUBJECT TO FEDERAL LAW".

7.                         OATH OF OFFICE OF A FEDERAL JUDGE

" I -----------DO SOLEMNLY SWEAR THAT I WILL ADMINISTER JUSTICE WITHOUT RESPECT TO PERSONS, AND DO EQUAL JUSTICE TO THE POOR AND TO THE RICH, AND THAT I WILL FAITHFULLY AND IMPARTIALLY DISCHARGE ALL THE DUTIES INCUMBENT UPON ME AS ------------ UNDER THE CONSTITUTION AND THE LAWS OF THE UNITED STATES. SO HELP ME GOD."

SEE: "U.S. v. CLAIBORNE"  727 F 2ND. 848 (9TH. U.S. Circuit 1979) Holding: "It is long held that No Man in this Country is so High that he is above the Law. It is the only Supreme Power in our System of Government, and every man who by accepting office participates in its function is only the more strongly Bound to Submit to that Supremacy and to observe the Limitations which it imposes upon the exercise of the authority which it gives."

A FEDERAL JUDGE WHO ACTS OUTSIDE THE LIMITATIONS IMPOSED BY HIS "OATH OF OFFICE", FROM WHENCE HE DERIVES HIS JURISDICTION, ACTS IN THE CLEAR ABSENCE OF ALL JURISDICTION AND IS STRIPPED OF ALL IMMUNITY AND IS LIABLE.  2ND. PRONG. OF "STUMP v. SPARKMAN" (ibid).

6.                    THE CONSTITUTIONAL RIGHTS VIOLATED

A. THE CONSTITUTIONAL RIGHT NOT TO HAVE A COURT APPOINTED LAWYER FORCED UPON HIM.

B. THE CONSTITUTIONAL RIGHT TO BE PRO-SE.

C. THE CONSTITUTIONAL RIGHT TO THE "DUE PROCESS OF LAW" GUARANTEED BY THE 5TH. AMENDMENT . (1791)

D. THE CONSTITUTIONAL RIGHT TO A FAIR CRIMINAL APPEAL UNDER THE LAW, IN WHICH ALL OF APPELLANTS ARGUMENTS ON APPEAL MAY BE HEARD.

SEE: "FARETTA v. CALIFORNIA"  422 U.S. 806 (1975)

2

SEE: *"ANDERS v. CALIFORNIA"*   386 U.S. 738 (1967)

"FARETTA v. CALIFORNIA" Holding:   1. "The Court May Not Force and Unwanted Lawyer Upon an Individual."   2.   "An Individual Has The Constitutional Right to be Pro-Se , at the Trial Phase and at the Appellate Phase of Criminal Procedure as well"

"ANDERS v. CALIFORNIA"   Holding: 1.  "An Appellant has the Constitutional Right to Rid Himself of an Unwanted Court Appointed Lawyer." 2.  An Appellant has the Constitutional Right to BE Pro-Se and to have All his arguments heard on Appeal.

7.  The Above Laws of The Land being,  <u>WELL SETTLED PRECEDENT</u> OF THE U.S. SUPREME COURT.

8.   SEE: *"RANKIN v. HOWARD"* 633 F.2ND. 844 (1984) Holding: <u>"WHEN A JUDGE KNOWS THAT HE LACKS JURISDICTION OR ACTS IN THE FACE OF CLEARLY VALID STATUTES EXPRESSLY DEPRIVING HIM OF JURISDICTION, JUDICIAL IMMUNITY IS LOST."</u>

9.   SEE: *"PIPER v. PEARSON"* 2 GRAY 120 CITED IN *"BRADLEY v. FISHER"* 20 L.ED. 648 (1872). Holding: "WHERE THERE IS NO JURISDICTION, THERE CAN BE NO DISCRETION FOR DISCRETION IS INCIDENT TO JURISDICTION."

"AN ACT DONE IN COMPLETE ABSENCE OF ALL JURISDICTION CANNOT BE A JUDICIAL ACT. IT IS NO MORE THAN AN ACT OF A PRIVATE CITIZEN PRETENDING TO HAVE JUDICIAL POWER WHICH DOES NOT EXIST AT ALL. IN SUCH CIRCUMSTANCES TO GRANT ABSOLUTE IMMUNITY IS CONTRARY TO THE PUBLIC POLICY EXPECTATION THAT THERE SHOULD BE A RULE OF LAW".

COMES NOW THE PLAINTIFF AND SAYS, " *FARETTA V. CAL."* (ibid)  AND *"ANDERS v. CAL."* (ibid) CLEARLY DEPRIVED THE DEFENDANT JUDGES FROM JURISDICTION OVER 1. JAMMING AN UNWANTED COURT APPOINTED LAWYER DOWN AN APPELLANT'S THROAT.   2. DENYING HIM THE RIGHT TO BE PRO-SE.   3. DEPRIVING HIM OF THE RIGHT TO HAVE ALL HIS ARGUMENTS HEARD ON APPEAL.

8.  Both Defendant Judges have violated their "Oath of Office" in their Acting Clearly Outside their "Oath of Office", THUS LOSING ALL IMMUNITY BY THEIR ACTING OUTSIDE THEIR JURISDICTION, i.e.  A FEDERAL ART. III  JUDGE  HAS HIS JURISDICTION LIMITED TO SOLELY ACTING WITHIN THE BOUNDS SET BY HIS *"OATH OF OFFICE".* (ibid) . SEE: 28 USC s 453.  SEE: *U.S. CODE; CONG. & ADMIN. NEWS* PAGE 6896 (1990).      SEE: *"U.S v. CLAIBORNE"* (ibid). SEE: *"STUMP v. SPARKMAN"* (ibid).

9.   NOT A THING MORE IS REQUIRED OF AN INDIVIDUAL ENDOWED WITH  INALIENABLE AND INVIOLABLE CONSTITUTIONAL RIGHTS THEN THAT HE CLEARLY INVOKE THE VIOLATIONS OF CONSTITUTIONAL RIGHTS THAT WERE VIOLATED. THE PLAINTIFF HAS DONE SO.

3

SEE: *"MARBURY v. MADISON"* 5 U.S. (1803) . SEE: "BIVENS v. SIX UNNAMED FEDERAL AGENTS FOR VIOLATION OF CONSTITUTIONAL RIGHTS." (ibid)

10.   The Plaintiff  asks for Compensatory Damages for the Harm Inflicted upon him by the Defendant Judges Depriving him of  his 5th. Amendment Right of  the "DUE PROCESS OF LAW" OF $50 MILLION DOLLARS, AS BY DENYING THE PLAINTIFF THE "DUE PROCESS OF LAW" WHICH IS HIS CONSTITUTIONAL RIGHT THEY THEREBY INCREASED HIS YEARS OF SUFFERING FALSE IMPRISONMENT AND EXILE.

11.   In addition to Compensatory Damages for the Harm Done him by the Defendant Judges in this 'BIVENS ACTION', the Plaintiff asks for INJUNCTIVE RELIEF TO PERMIT HIM A CONSTITUTIONALLY FAIR CRIMINAL APPEAL.   1. The Acknowledgement and Affirmation of his Constitutional Rights to Rid himself of an unwanted Court Appointed Attorney.  2.  To be Granted the Constitutional Right to be Pro-Se on Appeal.  3. The Constitutional Right to Raise ALL his Arguments On Appeal.    SEE: "PULLIAM v. ALLEN" 466 U.S. 522 (1984).

11.   The Plaintiff requests a Jury.

12.   The Plaintiff who is not a free man, but still a Prisoner of the Government restricted to Supervised Release in Miami-Dade County, which is Exile from his Beloved wife and children and his home in Cali, Republic of  Colombia, asks to bring this Suit IFP. Having already received IFP status in the 11TH. U.S. CIRCUIT COURT OF APPEALS AND IN THIS HONORABLE DISTRICT COURT, respectfully requires the same for this suit at Law.

   The Plaintiff is 79 years old  (and therefore faced with age discrimination by Hispanic Employers in Miami, who do not understand that in the U.S. there are Laws Prohibiting Age Discrimination, and thus he is unable to find work and therefore without funds to engage a lawyer.

SEE:  EXHIBITS ATTACHED:

Respectfully submitted,

*Edmond Dantes*

Edmond Dantes

1350 NW. 2nd. Street  (209)

Miami, Fl.  33125

4